Nash, C. J.
 

 "We concur with his Honor below, that the
 
 *431
 
 plaintiff is entitled to a judgment for tbe sum awarded Mm by the jury. On -the 26th of January, 1844, the defendant 'purchased from the plaintiff a quantity of cotton yarn, and in part payment transferred to the Company, by endorsement, the bonds in question, given by one Anglin. This was done in pursuance of an agreement, that the cotton was to be paid for in good notes on other persons. Anglin lived in Virginia, and suit was brought against him in the name of the defendant, and judgment was rendered in favor of the defendant on the 13th day of- October, 1851. This action was brought to Spring Term, 1855. Notice was given to the defendant of the failure to recover on the bonds in 1852 or ’53. Before a guarantor can be held liable on his guaranty, he must have notice of the failure of him whose debt he has agreed to pay. If any time is specified in the contract within which notice is to be given, the plaintiff must prove that notice was so given. If no time is specified, then notice must be given in reasonable time. What.is reasonable time is a question of law. It is required to enable the guarantor to save himself. If, however, the notice is delayed for a long time, and it is, nevertheless, clear that the guarantor could have derived no benefit from an earlier notice,- the delay will not impair his obligation to pay. 2 Parsons on Con., 174.
 
 Clark
 
 v.
 
 Reaming
 
 ton, 11 Metcalf 361. Now it is very certain that the defendant Brower could have suffered no loss in not receiving earlier notice of the failure of the suit against Anglin. The suit was in the name of Jacob W. Brower,'and upon the bonds in question; so there is a judgment upon the bonds in favor of Anglin on these very notes, which will forever bar a recovery upon them against Anglin. But if the notice was given either in 1852 or ’53, the statute does not bar, three years not having expired before the commencement of this action.
 

 Pee CueiaM, Judgment affirmed.